IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL D. LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | |
| THE ROGERS AGENCY, C. MICHAEL | § | |
| ROGERS, and NEW YORK LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### NOTICE OF REMOVAL

Defendant New York Life Insurance Company ("NYL"), for the purpose only of removing this cause to the United States District Court for the Eastern District of Texas, Tyler Division, and without waiving any defenses, files this notice of removal and respectfully states as follows:

1.      **State Court Action.**  This is an action filed by Plaintiff on March 21, 2014 in the 124th Judicial District Court of Gregg County, Texas, being numbered 2014-615-B on the docket of said court, and being a suit by Plaintiff for damages related to three (3) whole life insurance policies issued by NYL, which were issued in 1985, 1986, and 1987.

2.      **Diversity of Citizenship.**  This action is removable under 28 U.S.C. §1441. As an initial matter, the true parties are diverse. Plaintiff is a citizen of Texas. [Petition, p. 2.] NYL is a New York corporation with its principal place of business in New York, New York.  [*Id.*] Therefore, Plaintiff is a citizen of Texas, and NYL is a citizen of New York for removal purposes. There is complete diversity of citizenship between Plaintiff and NYL at the time of filing suit and at the time of removal. This Court therefore has original jurisdiction pursuant to

28 U.S.C. §1332, since the true parties are diverse. As set forth in paragraph 4, the Court may disregard the citizenship of Defendants The Rogers Agency and C. Michael Rogers (the "Rogers Defendants") based on the doctrine of improper joinder.

3.      **Amount in Controversy**.  The amount in controversy is also met, as the damages sought by Plaintiff exceed the sum of $75,000.00, exclusive of interest and costs. Specifically, Plaintiff's Original Petition (the "Petition") states that he is seeking more than $1,000,000.00 in monetary relief. [Petition, p. 5.] Since Plaintiff's Petition on its face shows by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00, removal is proper and the amount in controversy is satisfied. *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (removal is proper and amount in controversy is satisfied when it is apparent from the face of the petition that plaintiff's claims are likely to exceed $75,000.00). Moreover, Plaintiff is seeking treble damages, which is counted toward determining the amount in controversy. *See Chittick v. Farmers Ins. Exchange,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (DTPA or Texas Insurance Code violations enable plaintiff to collect double or treble damages and attorneys' fees, which satisfies amount in controversy requirement). Thus, it is clear that the amount in controversy is met. This action is wholly of a civil nature.

4.      **Improper Joinder**.  Although the Rogers Defendants are citizens of Texas, according to the Petition, the Court may disregard their citizenship, as they have been improperly joined solely to defeat diversity jurisdiction and prevent removal to this Court.  In that regard, when improper joinder is asserted, the court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990). The Court must determine whether "there is arguably a reasonable basis for predicting that state law might impose liability." *See Ross v. Citifinancial,*

*Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Id*. The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See id*. In conducting this inquiry, the Court must take into account all unchallenged factual allegations in the light most favorable to Plaintiff and resolve all ambiguities of state law in favor of the non-removing party. *See id*. at 463.

Applying the foregoing, it is clear the Rogers Defendants are improperly joined, as: (1) any and all claims against the Rogers Defendants are barred by a class action stipulation of settlement and final judgment (the "Final Judgment") entered in the case styled *Willson, et al. v. New York Life Insurance Company, et al*., 1995 N.Y. Misc. LEXIS 652 (N.Y. 1995) (the "Willson Action"), which adjudicated all claims against the Rogers Defendants related to the sale, servicing, administration, and performance of policies within the class, including claims based on alleged misrepresentations or guarantees regarding when and if a policy would become self-sustaining (i.e., fully paid as alleged in Plaintiff's Petition); (2) any and all claims against the Rogers Defendants are barred by the applicable statutes of limitations; and (3) Plaintiff's have otherwise failed to state an actionable claim against the Rogers Defendants. For each of these independent reasons, and those set forth below, removal of this case is therefore proper.

A.   PLAINTIFF'S CLAIMS ARE BARRED BY THE WILLSON JUDGMENT

As an initial matter, the Court must give effect to the Final Judgment and find that Plaintiff's claims against the Rogers Defendants are all barred by *res judicata*. *Res judicata,* or claim preclusion, prevents re-litigation of claims that have been finally adjudicated, as well as matters that, with the use of diligence, should have been litigated in a prior suit. *Gracia v. RC Cola - 7-Up Bottling Co*., 667 S.W.2d 517, 519 (Tex. 1984); *In re M.K.R*., 216 S.W.3d 58, 62 (Tex. App.—Fort Worth 2007, no pet.). *Res judicata* requires proof of:  (1) a prior final

judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *M.K.R.*, 216 S.W.3d at 63. *Res judicata* applies to an agreed judgment and is conclusive of matters actually raised and litigated in the prior action—such as the Willson Action. *Smith v. Huston*, 251 S.W.3d 808, 825 (Tex. App.—Fort Worth 2008, pet. denied).

Here, all elements are met. First, the Final Judgment in the Willson Action is a prior final judgment on the merits in a court of competent jurisdiction. [*See* Affidavit of Robert Rosh attached as Exhibit A.] Indeed, the New York Court expressly found that it possessed subject matter jurisdiction and personal jurisdiction over all members of the settlement class. [*Id.*] It is well established that such findings cannot be collaterally challenged. *See, e.g., Underwriters Nat'l Assurance Co. v. N. Carolina Life & Accident & Health Ins., et al.*, 455 U.S. 691, 706 (1982). Further, under Texas law, a class action that proceeds to final judgment – like the Final Judgment – is final for *res judicata* purposes. *See Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 450 (Tex. 2004). Accordingly, it cannot be disputed that the Final Judgment meets the first element for *res judicata*.

Second, there is an identity of parties. Now, and at all relevant times, the Policies were owned by Plaintiff, so he is in privity with the parties to the Willson Action for *res judicata* purposes. *See Amstadt*, 919 S.W.2d at 653. Finally, the third element of *res judicata* is met because this action is based on the same claims as were raised in the Willson Action. In this case, Plaintiff claims that he was injured as a result of misrepresentations by the Rogers Defendants that if he paid a certain amount of premiums on the Policies and they would be self sufficient. [Petition, p. 3.] These claims are identical to claims that were alleged and disposed of in the

Willson Action. Specifically, the Willson Action Complaint alleged misrepresentations by agents that only a limited number of premiums would be required to maintain their policies in force. [Exhibit A, Ex. 1.] Furthermore, the alleged misrepresentations are covered by the Final Judgment because they involve the sale and servicing of Plaintiff's Policies issued within the Class Period. [*See* Affidavit of Kevin P. Welton attached as Exhibit B.] Specifically, the Final Judgment released the claims of all class members "on the basis of, connected with, arising out of, or related to . . . the [marketing, solicitation, application, underwriting, acceptance, sale, purchase, operation, retention, administration, or replacement . . . of . . . any insurance policy]" issued during the Class Period. [Exhibit A, Ex. 4.] Moreover, Plaintiff was not excluded from the Willson Action. [*See* Second Supplemental Affidavit of Michael T. Jones attached as Exhibit C.] Because Plaintiff's claims arise from alleged misrepresentations by the Rogers Defendants in connection with the sale, administration, servicing, and performance of the Policies, which are all within the Class Period, and Plaintiff was not excluded from the Willson Action, the Final Judgment bars Plaintiff from prosecuting this lawsuit against the Rogers Defendants and others. Accordingly, there is no reasonable possibility of recovering against the Rogers Defendants, they have been improperly joined to defeat diversity and removal is therefore proper.

**B.     PLAINTIFF'S CLAIMS ARE UNTIMELY**

  **1.     Applicable Statutes of Limitations.**  All of Plaintiff's claims against the Rogers Defendants are also barred by the applicable statutes of limitations. With respect to Plaintiff's Texas Insurance Code, DTPA, and negligence claims, such claims are barred by a two year statute of limitations. TEX. INS. CODE § 541.162; TEX. CIV. PRAC. & REM. CODE § 16.003; *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). Although Plaintiff alleges that the Rogers Defendants made misrepresentations regarding the Policies in 1989, Plaintiff did not file this action until 2014—twenty-five (25) years after the fact. Accordingly, all of

Plaintiff's claims against the Rogers Defendants are barred by limitations.

       **2.**      **<u>The Discovery Rule Does Not Save Plaintiff's Claims.</u>**  Moreover, any attempt by Plaintiff to avail himself of the discovery rule also fails for at least two reasons. As an initial matter, Plaintiff has not pled the discovery rule. Second, the discovery rule will not save Plaintiff's claims against the Rogers Defendants in any event. The discovery rule only applies if: (1) the injury is inherently undiscoverable, and (2) the evidence of the injury is objectively verifiable. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 531 (Tex. 1997); *see also Savage v. Psychiatric Institute of Bedford, Inc.*, 965 S.W.2d 745, 750 (Tex. App.—Fort Worth 1998, writ denied) ("The discovery rule only applies in limited circumstances, where at the time of the injury arose, the plaintiff did not and could not know of the injury"). To be "inherently undiscoverable," the existence of the injury must not be "ordinarily discoverable, even though due diligence has been used." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 919 S.W.2d 453 (Tex. 1996). Similarly, the two year limitations period for Plaintiff's Texas Insurance Code claims commences on "the date the person discovered or, by the exercise of reasonable diligence, should have discovered" the alleged misrepresentation. Tex. Ins. Code § 541.162.

      Application of these standards confirms that Plaintiff's claims are barred by limitations because he discovered or should have discovered in the exercise of reasonable diligence the Rogers Defendants' alleged misrepresentations years before he filed suit. First, Plaintiff admits the Policies were issued to him in 1985, 1986, and 1987. [Petition, p. 2.] A party to a contract is charged with the obligation of reading the contract and is deemed to know its contents. *Thigpen v. Locke,* 363 S.W.2d 247, 251 (Tex. 1962); *Ruiz v. Gov't Employees Ins. Co.,* 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.); *Aramco Petro., Inc. v. Texas Pac. Indem. Co.*, 889 S.W.2d 695, 699 (Tex. App.—Houston [14th Dist.] 1994, writ denied). As such, when Plaintiff

received the Policies, he was immediately charged with knowledge of their contents. If Plaintiff had complied with NYL's suggestion and read the Policies carefully, he would have seen that under the Policies each had premiums that were payable "for life," their terms could not be changed by the Rogers Defendants, and that the Rogers Defendants' alleged statements regarding when the Policies would become self-sufficient, if any, were simply not true. *See Franco v. Slavonic Mut. Fire Ins. Ass'n,* 154 S.W.3d 777, 789 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (claims stemming from alleged misrepresentations the insurer made when the policy was sold accrued at that time); *Sabine Towing & Transp. Co. v. Holliday Ins. Agency, Inc.,* 54 S.W.3d 57, 63 (Tex. App.—Texarkana 2001, pet. denied) (holding that the limitations period for an insured's claim of negligent misrepresentation in procuring insurance expired two years after the insured first received the certificate of insurance). Accordingly, limitations began to run on all of Plaintiff's claims in 1989 when the alleged misrepresentations were made by the Rogers Defendants, which were directly contradicted by the terms of the Policies.

In addition to the Policies, it is telling that the Petition fails to mention any other correspondence he received from NYL, as Plaintiff received countless documents from NYL regarding the Policies since 1989. Specifically, NYL provided Plaintiff with premium notices and annual statements that provided that annual premiums on the Policies had to be paid, dividends were not guaranteed, and that the Policies were not self-sustaining. Therefore, Plaintiff would have received information every year from NYL that would have directly contradicted the alleged misrepresentations of the Rogers Defendants, causing all of Plaintiff's claims against the Rogers Defendants to be barred by limitations years before Plaintiff filed this suit. As such, the Rogers Defendants were improperly joined on this ground as well.

C.   **PLAINTIFF HAS OTHERWISE FAILED TO STATE A CLAIM.**

Finally, Plaintiff has also failed to state an actionable claim against the Rogers Defendants. As set forth the Petition, all of Plaintiff's claims are based on alleged misrepresentations of the Rogers Defendants. However, a claim for misrepresentation cannot stand when the party asserting the claim is legally charged with knowledge of the true facts. *Sutton v. Grogan Supply Co., Lumber Division*, 477 S.W.2d 930, 935 (Tex. Civ. App.—Texarkana 1972, no writ) (the person who claims he has been defrauded must not be in possession of information showing the utter falsity of the alleged misrepresentation.); *Great American Mortg. Investors v. Louisville Title Ins. Co.*, 597 S.W.2d 425 (Tex. Civ. App.—Ft. Worth 1980, writ ref'd n.r.e.). As noted, Plaintiff admits that the Policies were issued to him in 1985, 1986, and 1987. [Petition, p. 2.] As such, Plaintiff was in possession of documents that directly contradicted the alleged misrepresentations of the Rogers Defendants at the time they were made. Accordingly, Plaintiff has failed to state a claim against the Rogers Defendants in any event. Therefore, the Rogers Defendants were improperly joined on this ground as well.

5.   **Removal is Timely.**   NYL was served with process on March 26, 2014. Removal is therefore timely under 28 U.S.C. § 1446(b).

6.   **State Court Documents.**   Pursuant to Local Rule 81, an Index of State Court Documents is attached as <u>Exhibit D</u>, which includes a copy of the state court docket sheet, all executed process and each document filed and order entered in the state court action. Additionally, a List of Parties, Counsel, and State Court Information is attached as <u>Exhibit E</u>.

7.   **Consent to Removal.**   Since they have been improperly joined, the Rogers Defendants' consent is not required. Moreover, at the time of filing, the Rogers Defendants had not been served so their consent is not required in any event.

8.    **Prayer**.  NYL prays that the United States District Court for the Eastern District of Texas, Tyler Division, accept this Notice of Removal, that it assume jurisdiction of this cause, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated: April 23, 2014                     Respectfully submitted,


By:  /s/ Ryan K. McComber
         Andrew G. Jubinsky
         Texas Bar No. 11043000
         andy.jubinsky@figdav.com
         Ryan L. McComber
         Texas Bar No. 24041428
         ryan.mccomber@figdav.com

         **FIGARI & DAVENPORT, L.L.P.**
         901 Main Street
         Suite 3400
         Dallas, Texas  75202
         Telephone: (214) 939-2000
         Facsimile: (214) 939-2090

         ATTORNEYS FOR DEFENDANT
         NEW YORK LIFE INSURANCE COMPANY


## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below via certified mail, return receipt requested, on April 23, 2014.

James A. Holmes
jh@jamesholmeslaw.com
The Law Office of James Holmes, P.C.
212 South Marshall
Henderson, Texas 75654


                              /s/ Ryan K. McComber
                              Ryan K. McComber