# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL D. LEE | § | |
| | § | |
| v. | § | Case No. 6:14-cv-294-MHS |
| | § | |
| THE ROGERS AGENCY | § | |
| C. MICHAEL ROGERS, and | § | |
| NEW YORK LIFE INSURANCE COMPANY | § | |

## ORDER GRANTING MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand (Doc. No. 6). Having fully considered the parties' arguments and the applicable law, the Court hereby **GRANTS** Plaintiff's motion.

## I.    BACKGROUND

### A.  Factual Background[1]

Plaintiff Michael Lee is a resident of Gregg County, Texas. Defendant C. Michael Rogers is a Texas licensed insurance agent and principal of The Rogers Agency—a Texas insurance agency with its principal place of business in Tyler, Texas (collectively Rogers Defendants). Lee contracted with Rogers Defendants to advise him on life insurance. Rogers—an agent of New York Life Insurance Company (NYL), a New York corporation with its principal place of business in New York City—sold Lee three $1 million whole-life insurance policies (the Policies). NYL issued the Policies one each in 1985, 1986, and 1987.

In 1989, upon Lee's inquiry, Rogers represented that Lee would not owe any more premiums and the Policies would remain in effect for life if Lee paid $238,188.15. Relying on Rogers's representations, Lee paid that amount. But in May 2012, NYL notified Lee that the Policies had lapsed due to unpaid premiums.

---

[1]  These facts are as alleged in Plaintiff's First Amended Petition in the state court (Doc. No. 1-6).

**B.  Procedural History**

In March 2014, Lee sued NYL and Rogers Defendants in the 124th Judicial District Court of Gregg County, Texas. Lee asserts the following claims against Rogers, individually and as an agent of NYL and The Rogers Agency: (1) negligence; (2) violation of Texas Deceptive Trade Practices Act (DTPA); and (3) violation of Texas Insurance Code.

NYL removed the case to this Court on the basis of diversity jurisdiction, asserting that the in-state Rogers Defendants were joined to defeat diversity (Doc. No. 1). Rogers Defendants consent to removal (Doc. No. 5). Lee filed a motion to remand (Doc. No. 6), contending that remand is proper because he has stated viable claims against Rogers Defendants.

**I.    LEGAL STANDARD**

In a removal action under 28 U.S.C. § 1441(a), a district court must remand a case to state court if, at any time prior to final judgment, it determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). Subject matter jurisdiction in a diversity case requires that there be complete diversity between opposing parties, unless the non-diverse parties were fraudulently joined. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing 28 U.S.C. § 1441(b)). There are two ways that a diverse defendant seeking removal can demonstrate improper joinder: "(1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). As NYL relies only on the second prong in this case, the threshold question for the Court is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

The removing party carries a heavy burden when asserting improper joinder. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Because removal "deprive[s] the state court of an action properly before it," the removal statute is strictly construed and any doubt must be resolved in favor of remand. *Gasch*, 491 F.3d at 281–82 (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)).

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n. 6 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). The Court must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *Smallwood*, 385 F.3d at 573. In deciding whether a party was improperly joined, the Court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff. *Gasch*, 491 F.3d at 281. But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court has discretion to pierce the pleadings and conduct a summary judgment-type analysis. *Smallwood*, 385 F.3d at 573. Supporting affidavits may be considered, "to the extent that the factual allegations in [the] affidavit clarify or amplify the claims actually alleged" in the state-court petition. *But see Griggs v. State Farm Lloyds*, 181

F.3d 694, 700 (5th Cir. 1999) (noting that post-removal evidence that presents "new causes of action or theories not raised in the controlling petition filed in state court" cannot be considered).

If there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant, plaintiff's joinder of the local defendant is improper "unless that showing compels dismissal of *all defendants*." *McDonal*, 408 F.3d at 183 (emphasis in original). Thus, under the "common defense" rule of *Smallwood*, "there is no improper joinder if a defense compels the same result for the resident and nonresident defendants, because this would simply mean that 'the plaintiff's case [is] ill founded as to all the defendants.'" *Id.* (quoting *Smallwood*, 385 F.3d at 574) (citation omitted, alteration in original). The courts cannot allow defenses alleged for the improper-joinder issue to dispose of the entire case on the merits. *Huckaby v. Gans & Smith Ins. Agency, Inc.*, 293 F. Supp. 2d 715, 717 (E.D. Tex. 2003). But if the common defense "is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case." *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638–39 (5th Cir. 2004).

## II.  DISCUSSION

Because Defendant does not claim actual fraud in Lee's recitation of jurisdictional facts, the issue before the Court is whether NYL has met the heavy burden of demonstrating that there is no possibility that Lee could establish a valid cause of action against Rogers Defendants. NYL argues that: (1) all of Lee's claims against Rogers Defendants are barred by statute of limitation; (2) all of Lee's claims against Rogers Defendants are also barred by a stipulated settlement and final judgment in a 1995 class action in New York state; and (3) the common defense rule does not apply because some claims against NYL are not applicable to Rogers Defendants.

### A. Statute of Limitations

Under Texas law, the date on which a cause of action accrues is generally a question of law. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex. 1990). As a general rule, a cause of action accrues when facts come into existence that authorize a party to seek a judicial remedy. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W. 3d 211, 221 (Tex. 2003) (citations omitted).

Both the Texas Insurance Code and DTPA require that claims be brought within two years of the date of the alleged violation, but both statutes incorporate the common law discovery rule and allow a plaintiff to bring his claim within two years of the date he discovered or, in the exercise of reasonable diligence, should have discovered the defendant's unfair or deceptive act. Tex. Ins. Code § 541.162; Tex. Bus. & Com. Code § 17.565. The generally applicable statute of limitations for property or personal injury—including negligent misrepresentation—is "not later than two years after the day the cause of action accrues" Tex. Civ. Prac. & Rem. Code § 16.003(a) (West 2013).

NYL argues that Lee was in possession of the documents related to the Policies in 1989, when Rogers Defendants made alleged misrepresentations that directly contradicted the documents. Thus, NYL asserts that Lee's claims against Rogers Defendants accrued in 1989 when he should have known of the misrepresentation.

Lee argues that he sustained no legal injury until NYL cancelled the Policies in May 2012 thus his claims are not barred by limitations. *See Provident Life*, 128 S.W. 3d at 221. If the issue is framed as when the misrepresentation caused a cognizable injury to Lee,[2] NYL has not met its burden of showing that there is no reasonable basis to predict that Lee might be able to recover against Rogers Defendants. *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573.

---

[2] Despite NYL's lengthy argument, the Court need not address the unsettled issue of Texas law as to whether discovery rule applies to negligent misrepresentations. *See* 5-72 Dorsaneo, Texas Litigation Guide § 72.03 (2014).

### B.  Claim Preclusion (*Res Judicata*)

NYL next argues that Lee's claims against Rogers Defendants are precluded by a stipulated settlement and final judgment in *Willson v. New York Life Ins. Co.*, 1995 N.Y. Misc. LEXIS *652 (N.Y. Sup. Ct. Nov. 8, 1995).

Claim preclusion requires proof of: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

The parties do not dispute the first two elements of *res judicata*. First, the *Willson* settlement was a final judgment by N.Y. State Supreme Court that was affirmed on appeal (*see* Doc. No. 1-1 at 7–8). Second, NYL was the defendant in *Willson* and the settlement covered all of its agents and representatives, so Rogers Defendants are in privity with NYL. *See Willson*, 1995 N.Y. Misc. LEXIS at *120. Lee is a class member of the *Willson* case as defined by the stipulation of settlement. *Id.*, 1995 N.Y. Misc. LEXIS at *111. NYL proved (without dispute from Lee) through affidavit and settlement administration records that six class notices were sent to Lee at the address of record on the Policies (Doc. No. 1-4). Lee did not opt out of the settlement (Doc. No. 1-5). Thus, Lee was party to the *Willson* case.

The parties' disagreement lies in the third element. NYL argues that *Willson* settled all claims arising from whole-life insurance policies issued from January 1, 1982, through December 31, 1994. Specifically, NYL argues that *Willson* final stipulated settlement:

> *release and discharge the Releasees from, any and all causes of action*, claims, damages … whether based on federal, state or local statute, … common law, or any other source, *that have been, could have been, may be or could be alleged or asserted now or in the future by* Plaintiffs or *any Class Member* against the Releasees … including without limitation:
>
> (ii) *any or all of* the acts, omissions, facts, matters, transactions, occurrences, or

any oral or written statements or *representations allegedly made in connection with* or directly or indirectly relating to *the Released Transactions, including…* :

(c) the *number of out-of-pocket payments that would need to be paid* for a life insurance policy or the Policies;

(d) the *ability to keep* or not to keep *the Policies In-Force based on a fixed* number and/or *amount of premium payments (less than* the number and/or amount of payments *required by the terms of the Policies)* … whether *in the form of* (i) *cash value* and/or (ii) death, retirement or periodic payment benefits and/or (iii) Investment Plan-type benefits.

(*see* Def. Resp., Doc. No. 7 at 9, citing *Willson*, 1995 N.Y. Misc. LEXIS at *161–*163 (emphasis added)). Based on this broad language of the release, NYL argues that all of Lee's claims against NYL and its agents Rogers Defendants have been settled under *Willson*.

Lee responds that *Willson* did not release his claims because his claims are fundamentally different from those in *Willson*. Lee argues that, unlike *Willson* plaintiffs, his state court petition said nothing of allegedly self-sustaining policies that failed to generate dividends to pay for themselves. Instead, Lee alleges that he fully funded the Policies himself and that his complaint is about Rogers's misrepresentation regarding the amount of premiums needed for him to pay for the Policies himself. Thus, Lee asserts that his claims were not released by *Willson*.

Lee's interpretation of the *Willson* settlement is untenably narrow. The *Willson* judgment explicitly stated that the settlement releases claims that were not identical or corresponds to those in the class representatives complaints. *Id.* at *70–*71.

Rogers's alleged misrepresentation of which Lee complains falls squarely within the type of misrepresentations listed in the *Willson* release. *Id.* at *161–*163. Any claims arising from such misrepresentation against Rogers Defendants—as the agents of NYL—were released in the *Willson* settlement. *Id.* at *120. Thus, NYL has met its heavy burden to show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573.

### C.  Common Defense Rule

NYL attempts to walk a tight rope as it tries to avoid a remand under the common defense rule. NYL argues that the common defense rule does not apply because the conclusion that there is no reasonable basis for recovery against Rogers Defendants does not "automatically and simultaneously" bar the claims against NYL as well.

NYL relies solely on a footnote in the dissenting opinion of *Smallwood* to assert that the Court should remand only if "identical" defenses "automatically and simultaneously" dispose the claims against the in-state defendant as well as the diverse defendant (*see* Doc. No. 7 at 3, citing *Smallwood*, 385 F.3d at 579 n. 6). The Court declines to opine on whether the *Smallwood* dissent's rendition of the common defense rule is correct. What is controlling is the common defense rule as promulgated by the *Smallwood* majority, which requires a remand "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant ***equally disposes*** of all defendants." *Smallwood*, 385 F.3d at 571 (emphasis added).[3]

NYL makes much of so-called "independent" claims against NYL not "automatically and simultaneously" disposed. For example, Lee's claim under subchapter 542 of the Texas Insurance Code applies only to insurers and not to insurance agents. Also, a claim for breach of express and implied warranties applies only to parties to the Policies, which Rogers Defendants are not. Thus, NYL argues that common defense rule does not apply because Rogers Defendants have other potential defenses that are not at NYL's disposal.

---

[3]  *See also Smallwood*, 385 F.3d at 575 (noting that the required "showing is ***equally dispositive*** of all defendants rather than to the in-state defendants alone") (emphasis added); *id*. at 576 (noting that the common defense rule "only in that limited range of cases where … a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is ***equally dispositive*** of all defendants") (emphasis added); *id*. at 574–75 (stating that a remand is required when "a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant ***necessarily compels the same result*** for the nonresident defendant") (emphasis added).

NYL's argument fails for several reasons: First, it is backwards: Under *Smallwood*, the analysis begins with the reasonable basis of recovery on claims against the in-state defendant, not with claims against the diverse defendant.

Second, it assumes that *every* single defense available has to be identical between the in-state and diverse defendant. Not even the dissent in *Smallwood* supports this position; the dissent only suggested that the common defense rule would apply "when the in-state defendant's defense is identical to the one asserted by the diverse defendant, which defense automatically and simultaneously disposes of the plaintiff's case against the diverse defendant as well." *Smallwood*, 385 F.3d at 579 n. 6. Thus, only the dispositive defense needs to be identical under the *Smallwood* dissent.

Third, and finally, the defense that would dispose of Lee's claims against Rogers Defendant—i.e., *res judicata* based on *Willson* judgment—would equally (or even automatically and simultaneously) dispose of Lee's claims against NYL. Lee only complains of two acts by Defendants: Rogers Defendants' misrepresentation regarding the premium amount and NYL's termination of the Policies. The broad release in *Willson* bars any and all claims arising from transactions related to "marketing, solicitation, application, underwriting, acceptance, sale, purchase, ***operation***, ***retention***, ***administration***, or replacement by means of surrender, partial surrender, loans respecting, ***withdrawal and/or termination of the Policies***." *Willson*, 1995 N.Y. Misc. LEXIS at *120–*121. If the *Willson* settlement releases claims against Rogers Defendants for misrepresenting the necessary premium amount, it "necessarily compels the same result" for claims against NYL for terminating the Policies (including the claims asserted against only NYL). *See Smallwood*, 385 F.3d at 574–75. In fact, NYL refused to agree to a settlement that did not release all claims against NYL as well as its agents. *Willson*, 1995 N.Y. Misc. LEXIS at *71.

In other words, NYL specifically bargained for a common defense for itself and its agents in the *Willson* settlement. The benefit of NYL's bargain compels the application of common defense rule. If *res judicata* applies based on the *Willson* settlement, it "compels dismissal of *all defendants*." *McDonal*, 408 F.3d at 183 (emphasis in original). Thus, under the common defense rule, there is no improper joinder but only an ill-founded case as to all the defendants. *Id.* (citing *Smallwood*, 385 F.3d at 574). Because the Courts cannot allow a defense alleged for the improper-joinder issue to dispose of the entire case on the merits, the case must be remanded. *Huckaby*, 293 F. Supp. 2d at 717.

## III.   CONCLUSION

Accordingly, Plaintiff's motion for remand (Doc. No. 6) is hereby **GRANTED**. This case is remanded to the 124th Judicial District Court of Gregg County, Texas.[4]

**It is SO ORDERED.**

**SIGNED this 12th day of October, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[4] Lee's motion to remand states that the case was filed in the 188th Judicial District Court of Gregg County (Doc. No. 6). But the docket sheet and the original petition in the state court indicates that the case was pending in the 124th Judicial District of Gregg County (*see* Doc. No. 1-6). The Court concludes that Lee's reference to the 188th Judicial District was an error.